UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, and SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>                                                        Plaintiffs,<br><br>-against-<br><br>GCCOM CONSTRUCTION COMPANY, INC.,<br><br>                                                        Defendant. | 19 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA") of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145, and Section 301 of the Labor-Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, by multiemployer benefit funds through their respective Boards of Trustees, to collect delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and (f) and 515 of ERISA, 29 U.S.C. §§ 1132(e)(1) and (f) and 1145; Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185.

## THE PARTIES

4.      Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5.      Upon information and belief, defendant GCCOM Construction Company, Inc. ("GCCOM Construction") is a domestic business corporation organized under the laws of the State of New York, with its principal place of business at 124-16 26th Avenue, Flushing, New York 11354, engaged in the construction business. At all relevant times, GCCOM Construction was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

## STATEMENT OF FACTS

6.      At relevant times herein, GCCOM Construction was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7.      The CBA requires GCCOM Construction to pay specified contributions to the Funds and related entities on behalf of which the Funds act as collection agents in connection with all work performed within the trade and geographical jurisdiction of the Union ("Covered Work").

8. Additionally, the CBA requires GCCOM Construction to forward specified dues check-offs and other contributions to the Union for each hour of Covered Work performed by GCCOM Construction's employees.

9. The CBA also requires that contributions and remittance reports detailing the number of hours of Covered Work performed by employees are due on or before the 35th day following the close of the month in which the hours were worked.

10. The CBA requires GCCOM Construction to comply with payroll audits to confirm that it is complying with its obligations under the CBA.

11. Pursuant to the CBA, if an employer fails to pay contributions when due, the employer is liable to the Funds for interest on the amount of the unpaid contributions at an annual rate of ten percent (10%).

12. Pursuant to the CBA, in the event the Funds are required to employ an attorney to collect the fringe benefits due and owing, GCCOM Construction is obligated to pay to the Funds its attorneys' fees.

13. The CBA provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein." ("Trust Agreements").

14. The Trust Agreements provide that in operating and administering the Funds, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

15. Pursuant to the Trust Agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, GCCOM Construction is bound to the terms of the Collection Policy.

16. Article II of the Collection Policy provides that if GCCOM Construction fails to make contributions when due, GCCOM Construction is liable to the Funds for interest on the amount of unpaid contributions at an annual rate of ten percent (10%), liquidated damages of ten percent (10%) of the amount of the unpaid contributions, reasonable audit and collections expenses, and attorneys' fees and costs.

17. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA.  In addition, Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

**Delinquent Contributions, Reports, and Late Payment Interest**

18. The CBA requires GCCOM Construction, *inter alia,* to report to the Funds the number of hours of Covered Work performed by each employee.

19. GCCOM Construction owes the balance of reported contributions of $81.20 for the period June 2018.

20. GCCOM Construction failed to report the number of hours of Covered Work performed by each of its employees for the period March 2019 through June 2019.  Accordingly, GCCOM Construction also owes contributions in an unknown amount for the period March 2019 through June 2019.

21.     Further, GCCOM Construction also owes interest on the late payment of contributions for the period February 2018 through January 2019 in the amount of $1,141.39.

22.     Pursuant to the CBA, the documents and instruments governing the Funds, and Section 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, GCCOM Construction is liable to the Funds for: (1) delinquent contributions of $81.20 for the period June 2018; (2) contributions in an unknown amount for the period March 2019 through June 2019; (3) interest on the unpaid contributions at an annual rate of ten percent (10%); (4) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (5) all reasonable attorneys' fees, expenses, and collections costs incurred by Plaintiffs; and (6) other such legal or equitable relief the Court deems appropriate.

23.     With respect to the late payment interest GCCOM Construction owes in connection with contributions it paid past the deadline for doing so between February 2018 and January 2019, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $1,141.39; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

### **FIRST CLAIM FOR RELIEF AGAINST GCCOM CONSTRUCTION**
*Unpaid Contributions Under 29 U.S.C. § 1145*

24.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

25.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

26. The CBA requires that GCCOM Construction make contributions to Plaintiffs for all Covered Work it performed.

27. GCCOM Construction owes the balance of reported contributions in the amount of $81.20 for the period June 2018.

28. Additionally, GCCOM Construction owes contributions in an unknown amount for the period March 2019 through June 2019.

29. Pursuant to the CBA, the documents and instruments governing the Funds, and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, GCCOM Construction is liable to Plaintiffs for: (1) delinquent contributions of $81.20 for the period June 2018; (2) contributions in an unknown amount for the period March 2019 through June 2019; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF AGAINST GCCOM CONSTRUCTION**
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

30. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above and incorporate them herein by reference.

31. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

32. GCCOM Construction violated the terms of the CBA when it failed to timely remit all contributions due and owing for the period June 2018.

33. GCCOM Construction also violated the terms of the CBA when it failed to timely remit contributions and reports for the period March 2019 through June 2019.

34. Moreover, GCCOM Construction also violated the terms of the CBA when it failed to remit all contributions for the period February 2018 through January 2019 thereby incurring interest charges of $1,141.39.

35. With respect to the delinquent contributions, pursuant to the CBA, the documents and instruments governing the Funds, Section 301 of the LMRA, 29 U.S.C. § 185, GCCOM Construction is liable to Plaintiffs for: (1) delinquent contributions in the amount of $81.20 for the period June 2018; (2) contributions in an unknown amount for the period March 2019 through June 2019; (3) interest on the unpaid contributions at an annual rate of ten percent (10%); (4) liquidated damages of ten percent (10%) of the principal amount of the delinquency; (5) all reasonable attorneys' fees, expenses and costs incurred by Plaintiffs in prosecuting this suit; and (6) such other legal or equitable relief as the Court deems appropriate.

36. With respect to the late payment interest GCCOM Construction owes in connection with contributions it paid past the deadline for doing so between February 2018 and January 2019, pursuant to the CBA, the documents and instruments governing the Funds, and Section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $1,141.39; (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate

37. As a result of GCCOM Construction's violations, Plaintiffs are entitled to damages and other equitable relief pursuant to section 301 of the LMRA, 29 U.S.C. § 185.

**WHEREFORE**, plaintiffs respectfully request that this Court:

i.  Award judgment in favor of Plaintiffs and against GCCOM Construction for its failure to timely remit contributions required by the CBA for the period June 2018;

ii. Award judgment in favor of Plaintiffs and against GCCOM Construction for its failure to timely remit reports and contributions required by the CBA for the period March 2019 through June 2019;

iii. On Plaintiffs' First Claim for Relief, order GCCOM Construction to pay Plaintiffs: (1) delinquent contributions of $81.20 the period June 2018; (2) contributions in an unknown amount for the period March 2019 through June 2019; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

iv. On Plaintiffs' Second Claim for Relief, with respect to the delinquent contributions, order GCCOM Construction to pay Plaintiffs: (1) delinquent contributions of $81.20 for the period June 2018; (2) contributions in an unknown amount for the period March 2019 through June 2019; (3) interest on the delinquent contributions adjudged to be due and owing at an annual rate of ten percent (10%); (4) liquidated damages in the amount of ten percent (10%) of the delinquent contributions adjudged to be due and owing; (5) reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate;

    v.  On Plaintiffs' Second Claim for Relief, with respect to the late payment interest GCCOM Construction owes in connection with contributions it paid past the deadline for doing so between February 2018 and January 2019, finding that Plaintiffs are entitled to recover: (1) late payment interest of $1.141.39; and (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

    vi.  Award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: New York, New York  
       September 4, 2019

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: /s/  
Adrianna R. Grancio, Esq.  
40 Broad Street, 7th Floor  
New York, NY 10004  
Tel: (212) 943-9080  
*Attorneys for Plaintiffs*